## MUNSEY, *Appellant*, *v.* WEBSTER, *Appellee*.

If one die intestate, leaving a widow and several children of legal capacity and
suitable persons to administer on his estate, the judge of probate cannot ap-
point another person administrator, unless the widow and such next of kin
have severally renounced the administration; or neglected thirty days to
apply for it; or have all agreed in the nomination of another administrator.

THIS was an appeal from a decree of the judge of probate,
passed November 19th, 1850, appointing the appellee adminis-
trator on the estate of Solomon Munsey, who resided in Barn-
stead, and died there, intestate, October 21st, 1850, leaving a
widow, two sons and six daughters, all of age, and residing in
this State. At the probate court held when this decree was
passed, the widow, four married daughters, with their husbands,
and one unmarried daughter, declined administration on the
estate, and nominated the appellee for that trust, who was
appointed accordingly. This proceeding was without notice.
John Munsey, the oldest of the sons, appealed and claimed ad-
ministration for himself. Isaac Kenney, the husband of one of
the daughters, and the two sons did not join in the nomination of
the appellee, and have not declined the administration. Isaac
Kenney, at the probate court when this decree was pa sed,
claimed the administration, and objected to the appointment, in
behalf of the appellant and for himself.

*Bell*, for the appellant.

*Pierce* and *Minot*, for the appellee.

PERLEY, J. By the Revised Statutes, chapter 158, § 2, " ad-
ministration of the estate of any person deceased shall be granted,
first, to the executor named in the will of said deceased ; second-
ly, to the widow or any of the next of kin, or such suitable per-
son as they may nominate ; thirdly, to one of the devisees or
creditors ; and fourthly, to such other person as the judge may
think fit." By the fifth section of the same chapter, " no per-
son shall be appointed to administer any estate until the *several*

persons previously entitled thereto shall either have voluntarily renounced such trust in writing, or have neglected for thirty days after the death of any person, upon whose estate administration is to be granted, to apply for such administration."

The widow and next of kin are placed by the statute in the second class of those who are entitled to administration. The judge of probate has no power to appoint a stranger administrator till the widow and next of kin have *severally* renounced the administration, or neglected to apply for thirty days, or have nominated some suitable person for the trust. The appellant was one of the next of kin, of legal capacity to administer, has not renounced the administration, nor neglected to apply for thirty days, and must be taken to have been a suitable person. The judge, therefore, had no power to appoint the appellee, unless he was nominated by the widow and next of kin, according to the statute. To make such nomination, the widow and next of kin, who are entitled to administer, must all concur in it. Such is the plain meaning and the obvious intention of the statute. If the widow and next of kin severally renounce the administration and nominate another suitable person, the judge is bound to appoint the nominee. This provision of the statute for the nomination of the administrator by the next of kin, was not intended to take from the widow or next of kin any right they had before, but to give them the additional right, in case they *severally* declined to administer themselves, to agree in the nomination of another person, whom the judge would be bound to appoint.

This power of nomination was introduced by the statute of July 2d, 1822, and is not found in the earlier law of February 3d, 1789. The widow has no preference before the next of kin, and has no power to nominate an administrator, as substitute for herself, to the exclusion of the right which the statute gives to the next of kin. *Cobb* v. *Newcomb*, 19 Pick. 336.

The decree of the judge of probate must be reversed, and the administration granted to the appellee recalled.